# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
--------------------------------------------------------------------X
                                                    :
CHRISTOPHER E. BROWN,                               :
an individual,                                      :
                              Plaintiff,            :        CASE NO: 08-cv-5603
                                                    :
              - against -                           :
                                                    :
THE GREAT ATLANTIC & PACIFIC TEA COMPANY,           :
INC., d/b/a THE FOOD EMPORIUM,                      :
a Maryland Corporation,                             :
                              Defendant.            :
                                                    :
--------------------------------------------------------------------X
```

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant The Great Atlantic & Pacific Tea Company, Inc., d/b/a The Food Emporium ("Food Emporium") by and through its attorneys, Pryor Cashman, LLP, as and for its answer to the complaint filed in the above-captioned action (the "Complaint"), alleges as follows:

1.      Denies the allegations set forth in Paragraph 1 of the Complaint and leaves to the Court the determination of all questions of law.

2.      Denies knowledge or information sufficient to form a belief  as to the truth of the allegations set forth in Paragraph 2 of the Complaint and leaves to the Court the determination of all questions of law.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 5 of the Complaint.

6.      Denies the allegations set forth in Paragraph 6 of the Complaint, except admits that Great Atlantic & Pacific Tea Company, Inc. is a Maryland corporation and the lessee and operator of the real properties located at 10 Union Square 14th and Park, New York, NY 10003, 1211 Madison Ave., New York, NY 10028, and 1660 Second Ave., New York, NY 10028.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint.

8.      In response to the allegations set forth in paragraph 8 of the Complaint, repeats and re-alleges its answers to the allegations set forth in paragraphs 1- 7 of the Complaint as if fully set forth herein.

9.      Denies the allegations set forth in Paragraph 9 of the Complaint and leaves to the Court the determination of all questions of law.

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint.

11.      Denies each and every allegation set forth in Paragraph 11 of the Complaint.

12.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint concerning any desire by Plaintiff and denies all other allegations.

13.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint.

14.      Denies each and every allegation set forth in each section of Paragraph 14 of the Complaint.

15.      Denies the allegations set forth in Paragraph 15 of the Complaint.

16.     Denies the allegations set forth in Paragraph 16 of the Complaint.

17.     Denies the allegations set forth in Paragraph 17 of the Complaint.

18.     Denies the allegations set forth in Paragraph 18 of the Complaint.

19.     Denies the allegations set forth in Paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint.

21.     Denies the allegations set forth in Paragraph 21 of the Complaint.

22.     In response to the allegations set forth in Paragraph 22 of the Complaint, repeats and re-alleges its answers to the allegations set forth in Paragraphs 1- 21 of the Complaint as if fully set forth herein.

23.     Denies the allegations set forth in Paragraph 23 of the Complaint and refers the Court to the writing referenced therein for the terms, conditions, provisions and meaning thereof.

24.     Denies the allegations set forth in Paragraph 24 of the Complaint and refers the Court to the writing referenced therein for the terms, conditions, provisions and meaning thereof.

25.     Denies the allegations set forth in Paragraph 25 of the Complaint and refers the Court to the writing referenced therein for the terms, conditions, provisions and meaning thereof.

26.     Denies the allegations set forth in Paragraph 26 of the Complaint and leaves to the Court the determination of all questions of law.

27.     Denies the allegations set forth in Paragraph 27 of the Complaint and refers the Court to the writing referenced therein for the terms, conditions, provisions and meaning thereof.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint, and leaves to the Court the determination of all questions of law.

29.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint.

30.    Denies the allegations set forth in Paragraph 30 of the Complaint, and leaves to the Court the determination of all questions of law.

31.    Denies the allegations set forth in Paragraph 31 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

32.    The Complaint, and each purported claim for relief therein, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

33.    The relief sought by plaintiff is barred by the statute of limitations and/or doctrines of laches, waiver and estoppel.

## THIRD AFFIRMATIVE DEFENSE

34.    Plaintiff lacks standing to bring this action.

## FOURTH AFFIRMATIVE DEFENSE

35.    Plaintiff has failed to join all necessary parties to this action.

## FIFTH AFFIRMATIVE DEFENSE

36.    Plaintiff has failed to exhaust all administrative remedies and is therefore not entitled to any relief.

## SIXTH AFFIRMATIVE DEFENSE

37.    Pursuant to the lease agreements by which Defendant occupies the premises at issue, Defendant is not responsible for curing the alleged violations and accordingly has no liability to Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

38.    Plaintiff has failed to provide Defendant and an opportunity to cure the alleged violations.  Accordingly, Plaintiff is not entitled to recover attorneys' fees and the Complaint should be dismissed.

## EIGHTH AFFIRMATIVE DEFENSE

39.    Plaintiff has demanded modifications to the properties at issue that are either not readily achievable, technically infeasible, not required, or would create an undue burden on Defendant.

## NINTH AFFIRMATIVE DEFENSE

40.    In a manner that precludes the relief Plaintiff seeks, appropriate barrier removal plans have been instituted to eliminate any existing architectural barriers on the premises at issue to the extent readily achievable.  Accordingly, the litigation instituted by Plaintiff cannot serve as a basis for attorneys' fees or injunctive relief in this action.

## ATTORNEYS' FEES

Defendant has retained the law firm of Pryor Cashman LLC and has agreed to pay it a reasonable fee for its services.  Pursuant to 28 U.S.C. § 1927 and 42 U.S.C. § 12205, Defendant is entitled to recover its attorneys' fees and costs incurred in this action.

WHEREFORE, Food Emporium demands judgment against Plaintiff as follows:

(a)      dismissing the Complaint in its entirety with prejudice;

(b)      awarding attorneys fees' and costs to Defendants

(c)      granting such other and further relief as this Court deems just and proper.

Dated: August 22, 2008
       New York, New York

                            PRYOR CASHMAN LLP


                            By: /S/ James S. O'Brien Jr._____
                                    James S. O'Brien, Jr. (JO'B 0858)
                                    Sarah E. Bell (SB 2726)
                            410 Park Avenue
                            New York, New York
                            Tel:    (212) 421-4100
                            Fax:    (212) 798-6317
                            jobrien@pryorcashman.com

                            *Attorneys for Defendant*


                    **CERTIFICATE OF SERVICE**

        The undersigned certifies that on August 22, 2008, a copy of the foregoing was filed

electronically.  Notice of this filing will be sent to those who are currently on the list to receive e-

mail notices by operation of the Court's electronic filing system.  Parties may access this filing

through the Court's system.


                        /S/  James S. O'Brien Jr.
                        _____
                        James S. O'Brien, Jr. (JO'B 0858)